We'll hear argument first this morning in Case 12-236, Sebelius v. Cloer. Mr. Horwich. Mr. Chief Justice, and may it please the Court, the Vaccine Act does not provide for an award of attorney's fees on a petition that is denied as untimely. That's the best reading of the Act's text. It fits best with the structure and purposes of the Act, and it's the result that's consistent with the canons of construction that would apply to an award of attorney's fees out of the Federal Treasury. Now, the textual question here in some sense begins with the statute of limitations, which is in Section 16 of the Act and which provides that no petition may be filed outside the applicable time period. Now, that provision, like most limitations provisions, doesn't itself actually say what the consequences of the failure to comply with the provision are. And in some sense, just as in the civil context, it's not as if the special master upon finding the limitations provision hasn't been complied with can go back in time and prevent the petition from being filed, just as a civil court can't prevent an action from being commenced or a suit from being brought or whatever the limitations provision prescribes. So the question really is going forward, what consequences should there be once the adjudicator decides, once he or the special master decides that the limitations period has not been complied with? And textually speaking, it's the correspondence between the limitations provision, which says that no petition may be filed, and the attorney's fee provision, which depends on the existence of a petition filed, that signals that Congress intended the consequences of untimeliness to be visited through the application of the attorney's fee provision. Ginsburg. There are other provisions that refer to petition filed, for example, reporting annually to Congress, publishing a notice in the Federal Register. Those both refer to any petition filed. And so in those sections, at least, petition filed would include petition filed after the running of the statute of limitations. Well, those provisions would — those provisions by their terms apply at points in the proceedings where we would entirely conventionally accept the claimant's representation that the petition has been filed in accordance with the time limitation. That's generally true, certainly in the civil context, that we accept the plaintiff's application. But don't you — don't you put in the Federal Register and report to Congress petitions that have been filed out of time? Well, with respect to — with respect to reporting to Congress, that's actually an obligation from the court of Federal claims, so I can't necessarily speak on their behalf of what they — what they produce from what I've seen at the Statistician Group. With respect to the Federal Register provision, I should first say that it has very recently come to my office's attention that the Department of Health and Human Services has not been complying with that provision for the last few years, and they are taking steps to bring themselves into this. So they don't file anything in the Federal Register? Well, they have historically, and let me — up until about 2009, and again, to be clear, they are taking steps to rectify that situation. But with respect to the period up to 2009, what they would do, and this is understandable given the provision that says it's supposed to be published within, I believe, it's 30 days, that they — the petitions that are received or that were received at the department get logged into a computer database, and then a report gets printed out, and they would cross-check them for accuracy against the petition title and forward them to the office of the Federal Register. It's not — it doesn't — it wouldn't make sense in a provision that's supposed to be applied essentially upon the filing of the petition to go into an examination of the timeliness of that — of that petition. And so we think that provision, just as you would — just as you would describe in a civil context, you would certainly say that an action that ultimately proves to be held untimely was nonetheless commenced if, for example, if we imagine a statute of limitations that says no action may be commenced, you wouldn't say the action hadn't been commenced at the time it was pending. And that's not the argument we're relying on here. Rather, what we're relying on is the fact that when you get to the end of the case, which is where the attorney's fee provision is evidently supposed to apply, because it's a little bit more about the reporting to Congress provision, because that presumably does not happen at the very beginning, but happens more at the end or in the middle. So do — does the department subtract the number of untimely petitions from the number that it reports? I believe the reporting provision is a — there's a report that the special master is to make to the court of Federal claims, and there's a report that the court of Federal claims is to deliver. And those, from what I have seen — again, the Executive Branch doesn't prepare those because it's the special masters in the court that do. But the reports that I have seen, my understanding is that the report of the special master is delivered orally to the judges, and so I don't actually know what the contents of that are. And the report that — and the report that the court of Federal claims sends to Congress is a statistical report of all — actually of all actions filed in the court of Federal claims that it sends as kind of an omnibus report in satisfaction. Kagan. All actions filed, using filed in the normal sense. No, no. I actually mean all actions filed, meaning Vaccine Act actions and otherwise. So it's — it actually doesn't even differentiate the Vaccine Act. But it is not the case. Kennedy, I'm sorry, but I don't think it means different things under different provisions of the Act. Well, I think it means — If that's so, it tends to weaken the force of your reliance on — on filing in the statute — on the word filing in the Statute of Limitations section. Well, I don't think it means — I don't think it means different things in the Act so much as it means it is to be applied with the under — it is to be applied as the — as affairs stand at the time the provision is applied. So my point — I meant that just to supplement Justice Kagan's question. I didn't mean to cut it off. Well, let me — let me focus for a moment then on the attorney's fee provision, though, in terms of why — why that there's particularly good reason to think that petitions — a petition filed is to be considered in terms of what ought to have been done. And that's because the attorney's fee provision speaks as of — it speaks of awards of fees at the time of judgment. And so at that time, we know that any limitations issue should have been resolved by that point in the case. And therefore, it is — it is an entirely natural — it's entirely natural to expect that the limitations provision might, therefore, have some consequences at that stage. In some ways, you can think of it as an application of the old maxim that equity regards as done what ought to have been done. So we're saying to the special master, well, if you've gotten to the point at the end of the case where there's a judgment and you've determined that this petition was forbidden from being filed in the sense that the limitations provision forbids it, then you should visit the consequences there. Sotomayor, that seems like a jurisdictional argument to me. But I understand the government to be conceding that this statute of limitations is not jurisdictional. It's just a claim processing rule. Well, if it sounds like a jurisdictional argument, then I suppose the answer would be for this Court to say that it's jurisdictional. And, of course, if that's true, then our position would prevail. We think on balance, given this Court's precedents, most recently in the Auburn Regional Medical Center case, that these – that this Court does not interpret Congress's time limit provisions to be endowed with jurisdictional significance. It doesn't mean that it doesn't have any significance. It has the significance of an ordinary affirmative defense, just as it has the significance of the – the timeless provision here just has the significance of an ordinary affirmative defense. Just as it – Roberts, I just want to make sure I heard you right. You said if it sounds jurisdictional, we should say it is, and you win. Well, what I was saying – what I was saying in response to Justice Sotomayor's question is that if it seems that that argument compels you to believe that it's jurisdictional, then the Court should reach the conclusion that it's jurisdictional. But your position is that it's not jurisdictional. We think that it is not. We think that it is not, even if the text of it makes it sound like it could have jurisdictional significance. We think, on balance, this Court's precedents teach that time – that time limits are typically claim-processing rules, and we don't think that the text overcomes that view. Sotomayor, if you look at the Federal rules as your model, and Federal rules list statute of limitations as an affirmative defense, ordinarily that's what it is. But is it an affirmative – well, certainly it's an affirmative defense to any award of compensation under the Vaccine Act. But what makes it an affirmative defense to the award of fees? Well, it seems to me that there's not anything in the compensation provision that says that it's an affirmative defense any more than – in any way that's more explicit than what we're relying on to say that it's an affirmative defense to attorneys' fees. It's not as if Congress said there – in another section, there shall be no award of future medical expenses when the statute of limitations is not complied with, and it left that out of the attorneys' fees. That's not how the statute is structured. So we're in a situation where I think we ordinarily are with statutes of limitation in trying to decide what the consequences of noncompliance are. Scalia. One of your – your argument you were making is that there – since the attorneys' fees provision looks to the end of the case, it should not be construed to apply to the failure to meet the filing deadline. Is that true? I mean, the statute says if the judgment does not award compensation on a petition filed under section 300-AA11, if the judgment does – is there no judgment when a case is dismissed for failure to meet the statute requirement? It seems to us that the appropriate disposition of a case that is held to be untimely is that there is a judgment denying compensation. And the reasons for that have to do with something that's not really briefed.  So you're right. It would become confusing if you treat a dismissal as something different. Although the judgment. Okay. So then your argument that this fee provision looks to the end of the case simply doesn't fly. It looks to the beginning as well. If, indeed, dismissal for failure to comply with the time limit is a judgment. Well, we think we agree that it's a judgment, but it has to be a judgment. And I'm looking here at page 26A of the appendix to the government's brief. It refers to the judgment of the Court of Federal Claims on such a petition, and then such a petition refers back to a petition filed. And so the consequence. Well, okay. That's just repeating your first argument. Well, I do think that's the case. That petition means a petition properly filed. But I don't see that the statutory scheme, the provision that's at issue here, the provision for the award of attorney's fees looks to the end of the case and not to the beginning. It looks to the judgment. And if it's a judgment that dismisses because of failure to comply with the statute, it's still a judgment. It's still a judgment, but it is not a judgment in connection with a petition that should be regarded as having been filed. That's your first argument. That is our first argument. I understand that. But let me say, it is also the situation here is not one in which we think that it's fees. The canons of construction here all caution the Court to be extremely reluctant to extend or find that Congress is willing to pay attorney's fees in this context. And that's for several reasons. Scalia, Congress has waived sovereign immunity. It's absolutely clear that there's a waiver of sovereign immunity here. It's clear that there's a waiver, but it's not. And once we find that, I don't think we nitpick the following language to unrealistically narrow it as much as possible. I mean, the initial question of whether Congress has agreed to be sued is yes. We assume it hasn't. And but once it's clear that it has agreed to be sued, I think we just interpret the language reasonably. Well, Your Honor, I think this Court's decision certainly most recently in the Cooper case from a term or two ago says that this Court considers not only the existence but the extent of the waiver of sovereign immunity to be controlled by canons that counsel against extending that waiver. But that's not the only issue here, because the consequences of Respondent's rule are ones that are entirely out of place, both with fee proceedings in general and with this compensation program in particular. Kagan, before you go to the consequences argument, just to keep on with the text a little bit, is this understanding that you have of what it means to be filed, does it have any consequences other than with respect to attorneys' fees, or is that the only thing that depends on viewing the word filed in this way? Well, I think viewing the word filed in this way also explains mechanically why the limitations issue becomes an affirmative defense on the merits as well, because Section 13 says compensation has to be awarded on a record, and the record is defined as the record on a petition filed. So, similarly, if you get to the end of the case or you get to the point of limitations determination, the Court says, well, there shouldn't be, there should not have been a petition here, and so regarding as done what should have been done, we'll say there is no, there is no record available on that petition, so we should deny compensation. So I agree it's a little, which I concede is not how we ordinarily think about statutes of limitations, but it certainly is the, it is exactly the same textual logic. I totally lost that answer. Sure. I'm happy to step through it in the statute itself. Could you go back and talk to me again about what you mean about not having a record? Sure. So Section 13 of the Act, which starts on page 19a of the government's brief, says that compensation is awarded if the special master or court finds on the record various matters. But then it goes on, and this is on page 21a in Section 13c, to define the record as the record established on a petition filed. And so in the same sense that if the special master determines that the limitations provision says, well, there shouldn't have been a petition filed, the consequence is there's not a basis for attorney's fees, there's similarly in this definitional provision not a basis for the record on which compensation is to be awarded on the merits. And that produces the result that we would expect, which is that. I'm totally confused. Are you suggesting that the record shouldn't be filed in that case, or that the record supports the conclusion that it was untimely, or neither? What I'm suggesting is, what I'm suggesting is that when the limitation, when it's determined that the limitations provision applies and should have prevented the filing of the petition, and the special master has to decide, well, what are the consequences of that, because, again, the special master can't go back and actually prevent the whole thing from having happened, but the special master can say, well, if this directed that there shouldn't have been a petition filed, then one of the consequences is there's no record on which we should be able to decide compensation. Alito, let me give you these two cases. The first is a case in which the petition is timely filed and, as you see it, but the claimant does not prevail because the claimant is unable to prove that the injury was caused by the vaccine. But there was a reasonable basis for the argument, and the argument was made in good faith, so there would be eligibility for attorney's fees. The second is a case in which there is a question about when the statute of limitations begins to run, and one of the points at which it can begin to run is when there is the onset of significant aggravation of an injury, which seems like a question about which there could be a factual dispute. And in that situation as well, the claimant does not prevail on the statute of limitations argument, but there was a reasonable basis for thinking that the petition was submitted within the period after the onset of the significant aggravation. Why would Congress want to draw a line, a distinction between those two situations for the purpose of attorney's fees? Well, there's several reasons. The first one is that in your first example where there's been a determination on the merits, the special master is in a perfect situation to decide whether there was a reasonable basis on the merits. And this is how the program has worked since its existence, because, to be clear, until the decision below, there was no practice of awarding attorney's fees on untimely petitions in the program. And so what you would get would be situations like your first example, Justice Alito, where the special master would issue a written decision on entitlement and these are 10, 15, 20, 25 pages long, in my experience, dealing in considerable detail with the medical evidence, the scientific evidence, the expert testimony, the review of literature, the different theories of causation, and getting to the end and, obviously, if the decision is that compensation is to be awarded, then attorney's fees follow as a matter of right. But if compensation is denied, the special master can and typically does add, literally as an afterthought, that, but having been through all of this and having discussed all of this, I think there was a reasonable basis for what was being argued here. Now, in your second example, where the special master has only determined this essentially diagnostic question of when was the first symptom of this particular claimant's particular injury, the special master hasn't looked at any materials about whether the vaccine can cause that injury. So let me give, as a paradigm example, maybe what we give in our brief is the Smith case, which had to do with a claim of whether certain childhood vaccines caused the claimant's type 1 diabetes. And the special master's decision focuses on the question of whether the first symptom of the diabetes was a blood glucose reading that sent the claimant to the hospital and the other. Sotomayor, there seems to be a confusion in this consequent conversation. You seem to be assuming that the attorney's fee award on good faith basis has to do with the ultimate merits. Did the vaccine cause this injury? I would have assumed that the award attorney's fees has to do with whether the petition was brought in good faith, i.e., was there a reasonable basis to believe that the petition was timely. And on that issue, before the Court can adjudicate the timeliness question, it has to know all of the facts that made the petitioner believe it was timely. And so I'm a little bit confused as to what additional fact-finding the Court has to do. It has to be told by a lawyer, your cases say, because reasonable basis has to be in fact in law, the law says first symptom, she experienced X, Y, and Z, and we thought the latter was the starting point of the statute, not the former. What more does the special master need to know to adjudicate whether that's in good faith, that belief is in good faith? Well, the question under the attorney's fee provision, and this is on 26A of the government's brief, is a determination that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. The question isn't was there a reasonable basis to believe it was timely. The question is, and I think my friend agrees with me on this. Sotomayor, I understand. Breyer, look, still, the worst thing, the obvious question, I mean, there's a textual matter, but I don't know how you reconcile your position with the first words in 3300 AA11, which is talking about a petition starts this whole proceeding, and you want to interpret that word, petition, meaning a timely petition. You mean an untimely petition doesn't start the proceeding? I mean, that's the technical linguistic thing, but if you get to your basic worrying you, what is worrying you is this proceeding, okay? That's what's worrying you, I think, the shadow trial. Now, on that, just what Justice Sotomayor said, you only get into this problem when the attorney has filed this timeliness matter with a good reason to think his petition is timely, otherwise forget it, okay? So you look at the complaint. You see a complaint there, you had a good reason for thinking it's timely. It looks on the face of the complaint as if his client has a good claim, a plausible one. Now, if the government wants to say, we want to present some evidence, let them do it. And if they don't, the worst that happens is this person who thought she had a good claim and who was reasonable in her timeliness will get some attorney's fees paid. Why is that so terrible? Why is that putting such a burden on the government that they have to go through these words in the statute to do it? What we're worried about here is not the fact that some fees may be paid. What we're worried about here, as you said, are the shadow trials and to an extent also the question of whether additional cases would be attracted to the program. But that's in your control, the shadow trials. Well, you don't have to have a shadow trial if you don't want one. Well, but, Your Honor, I think where we're coming at this from is saying what did Congress envision here? And as this Court said in Hensley and in Pierce, Congress doesn't want attorney's fees to be a second major litigation. So it seems exceedingly odd to think it would have set up a scheme in which the case would end on the merits, and yet the question on which attorney's fees are to be decided, the availability of attorney's fees is to be decided, is going to require some further proceedings that have not been. The shadow trial brings up the answer that you were giving to the second part of Justice Alito's question, which you never got to finish. And you were saying, you were giving the example, suppose this were a question of timeliness, and when did the fact that the vaccine first or the symptoms first become manifest, and you said that this should not be tried because, and this is finishing off Justice Alito's dichotomy. Yes. Maybe if I finish giving the example I was giving in response to the second part of Justice Alito's dichotomy, in that Smith case. So the timeliness question the special master resolved was, okay, was it the blood glucose reading that was within the limitations period that was the first symptom, or was it the excessive thirst and frequent urination that fell outside the limitations period? Now, the special master, having resolved that, which is something that I think perhaps even some of us in the room could recognize that one of those was the symptom, was likely the first symptom or not, the special master then has to decide, was there a reasonable basis for the claim that childhood vaccines cause type 1 diabetes? And that's simply not something that that timeliness determination is going to be any good for the special master in deciding. And to your point, Ginsburg. Ginsburg. But there's a lot of information just in 11, what is it, C, tells what has to be put in the petition. And there's — couldn't a special master make a determination based on that? Well, I think part of the problem is that we would be asking the special master to spend the special master's time reviewing that material, assuming that it's even in the petition, which is not always the case. We would be asking the special master to spend her time evaluating that material in a proceeding that can't result in compensation to any injured person, which is, of course, the point of the program, instead of spending her time on other petitions. And it's that diversion of resources that's so concerning to us and we think would have been so peculiar to Congress. If I could reserve my time. Thank you, counsel. Mr. Fishman. Mr. Chief Justice, and may it please the Court. My friend started with section 16. I'd like to start very briefly with our reading of the fee provision itself. Section 15e1, which says any petition filed under section 11 is eligible for award of attorney's fees, even if it's denied, provided that two conditions are satisfied. It has to be filed in good faith and with a reasonable basis. 15e itself and by its terms says nothing about compliance with the statute of limitations. The filing provisions of section 11, which are section 11a1, similarly say nothing about compliance with the statute of limitations. Our position, therefore, is the most direct and sensible reading of 15e1 is you can get an award of fees on a petition that has been denied, regardless of the reason why. And there is no textual basis for saying that that provision carves out an exception for one class of denied cases, those denied on limitations grounds. Roberts So if you're preparing one of these filings and you're all set to go, and on the day before you're filing you say, oh, gosh, it doesn't look like we're going to be on time, you should still go ahead and file because you might be able to apply for attorney's fees, while if you file it the day that it's due and you find out the day after, oh, my gosh, we weren't on time, then there's no question that you could apply for attorney's fees. Right. And if I understand the comment correctly, I think that's right. And you see, actually, many special master decisions that ultimately deny a petition for failure typically to prove causation. And when they turn to the reasonable basis standard, they will say, literally, your client contacted you two days before the statute of limitations was going to run. You ran to the courthouse and filed. You had a basis, we believe, for filing your claim. Further investigation, examination of the medical records made you question that judgment and you abandoned the case. And there can be fee awards in that scenario. Roberts My hypothetical was not that you had two days and you made it in time, but that before the time or after the time expired, or you were ready to file on time, but then you decided on further research, oh, this isn't going to look like we're going to comply. We thought we had the time, but we don't. You should still go ahead and file, right, so that you might be able to get the fees. I think that would depend. If you're late, you're late. I think the judgment your hypothetical would call on the attorney to make is why did we miss it, and maybe does that provide grounds for equitable tolling, or do we have a reasonable and good-faith argument as to timeliness. If the lawyer says, I blew it, whether by a day or a month or a year, I think that attorney is going to have a very difficult time showing a good-faith, reasonable basis for filing a claim that I think in your hypothetical would be, by the attorney's own account, clearly time-barred without justification. Ginsburg. So you're saying that the good-faith and the reasonableness go to two things. One, the claim on the merits, and also the timeliness. That is what we're saying. That's also what the Federal Circuit said. I think the word claim, as it's used in the statute, encompasses the entire case. Causation, evidence that you actually received a vaccine, the timeliness of your So how do you answer the argument about a shadow trial? There's a number of arguments about that subject. And I think the starting point, because it may have been lost a little bit in the briefs, is the government does not cite a single case where there has ever even been a hearing held on a fee petition, ever. And collectively, our other records accumulated in when? I'm sorry? How are the records accumulated in when? They are accumulated the system that's established is one of front-loading. You 11c requires an enormous amount of medical documentation that is to be filed with the petition when it's filed. If they are incomplete, you're required to submit an affidavit explaining what's missing and why. The very first thing substantively that happens with these things, Vaccine Act Rule 4a says within 30 days of filing a petition, the secretary must review the medical records. And if she thinks they are deficient, she has to immediately notify the petitioner. And that is the very first thing that is hashed out in these cases, complete medical records. Section Vaccine Act Rule 2c2 says if you're not going to rely solely on medical records in support of your petition, medical records will often contain evidence of causation. If the records themselves don't and you're going to go outside the records, Vaccine Act Rule 2c2b2 is the actual rule, says you're going to rely on observations or testimony of every witness, any witness. You have to submit a detailed affidavit of the proposed testimony that supports every allegation in the petition. So the answer is a lot of it's there right at the front end, which is not to say that as these cases get litigated and the areas of contention get refined, additional information can also be submitted, but it is front-loaded. Sotomayor So is your bottom line that the record is already there for the shadow determination? Fisher Sure. And that's the reason why we point out in our brief, routinely these cases are decided fee determinations are made based on the written materials without a hearing, without any additional evidence. And again, there are no cases, we're not aware of a single incident going to the inception of this program where there has ever been an evidentiary hearing. Alito If there is a hearing, would the claimant's attorney get, potentially get attorney's fees for the representation at the hearing about attorney's fees? Fisher Yes. The law is pretty clear that fees are available for time incurred on seeking fees. Kagan Do you think it would be within the discretion of the court or a special master to look at a case and say, for whatever strange reason, this is a case where it's going to require some lengthy mini-trial in order to figure out fees, and that's a bad use of everybody's time? So I'm not going to grant attorney's fees here. In other words, you know, this is a May provision. Would it be a sufficient reason that this is just going to take too long, it's too involved, so I'm going to deny attorney's fees in this case? Fisher I think that might well be within a special master's discretion. If it really is going to – if a fee determination really will require the sort of parade of horribles that the government sees, it's not our case, but I think it could be possible and within their discretion in the subsequent case. Ginsburg This is the special master may award. So if he may award, it's discretionary. Fisher Correct. Roberts Well, that's a tough position, isn't it? I mean, if you've got a difficult and tough and complicated case, well, you get no fees. But if you've got an easy one, well, then you get fees. Fisher I don't know – no court and the parties have not briefed or addressed in this case the extent to which the May discretion can be exercised in a procedural way that Justice Kagan's hypothetical proposes. I'm just saying I can't stand here and give you a hard and fast rule that says that will never be appropriate. Maybe if that case comes before a court and a special master has done that, the argument will be it's an abuse of discretion. Roberts I thought you were giving us that argument when you said under the fees, all you need is reasonable and good faith. Fisher Those are the requirements to be eligible for an award of fees, the statutory requirements for eligibility. But just because you meet good faith on a reasonable basis does not necessarily mean you get fees for the reasons just discussed. It is discretionary. Roberts Is one reason that should affect the exercise of discretion is that you didn't comply with the statute of limitations? Fisher I think it might be. The law is not – this is not the issue in our case. So it's difficult to know the precise contours of the exercise of discretion in a case where nobody has contended that the discretion couldn't properly be exercised. Ginsburg Let's take this case. What would you put in to show that you have been reasonable, in good faith and reasonable, one, as to the claim, and two, as to the attorneys' fees? What would the special master have to look at to make those determinations in this case? Fisher I'll take the second part first, reasonableness of statute of limitations. The Federal Circuit has already ruled that we were reasonable to bring this case in terms of timeliness because of the case law as it existed at the time the petition was filed, the fact that we actually prevailed on the timeliness question before the three-judge panel. So the Federal – I think on that question, the Federal Circuit's resolved it. But if you want to go beyond that, I think you would look at our briefs and the laws that existed in the analysis of the various courts that have looked at this and say, that was a close call. You actually prevailed for a couple of years on this question. That's reasonable and that's good faith. As to the merits, it is all the material that accompanied our petition, which is principally medical records, also some medical studies linking the hepatitis B vaccine to MS, and then a number of affidavits that were filed subsequently. And I think that is all you would need to look at. And that is the only thing in the record, because the government has introduced no evidence in this case at any stage contesting the merits of our underlying claim. Sotomayor, they're arguing that they don't need to, and why should they be put to the burden of doing that? The reason is you have to remember this is not ordinary civil litigation. It's a streamlined, front-loaded process. So the way the Vaccine Act works is you file a petition with medical records. As I mentioned before, you have 30 days for the government to object to the completeness of the record. The very next thing that happens under the rules and it's rule 4C is the Secretary has 90 days to set out all of her objections to the case. But the very fact that it's streamlined indicates to me that we should be very careful to enforce the policy of the rule, which is to deter the filing of stale claims. And your rule certainly undermines that. I think that you have to back up and acknowledge as a starting point that there's no question that Congress intended this program to award fees on petitions that have been denied. And as we point out in our brief, petitions are routinely denied on procedural grounds where there has been no examination of the underlying merits, just as the government contends is the case with statute of limitations. We disagree with that. We think actually to resolve a statute of limitations question, a special master is going to have a more complete understanding of the underlying merits of a case than in many other procedural settings. So we know that Congress has already said, sure, it's a streamlined process, but we're not going to pursue that objective at the expense of compensating attorneys who bring good-faith claims but lose. Roberts. Roberts. What's the relationship between your position and equitable tolling? I mean, your case I think is unusual in that there was a fair amount of confusion about when the statute of limitations might, or that's your position. I would think a lot of the cases where the attorney doesn't meet the limitations deadline will involve things like, you know, I was delayed by Hurricane Sandy or whatever, or we tried to file and I got lost in the mail. Are those things that, I mean, should that be considered under the rubric of equitable tolling or under your idea that, well, you don't have to file in time anyway? The — the — I think the best answer to that question is to look at the Federal Circuit's en banc ruling in CLUER 1. We actually argued, we didn't argue Snowstorm, what our argument was is there was an extraordinary circumstance that prevented us from filing within 36 months of the first symptom. And that circumstance was there was no scientific evidence of a link between the vaccine I understand that, but I would assume the more typical cases when you miss a filing deadline is because the lawyer, whether for good reasons or bad, missed the filing deadline. And I'm just curious if you would — if it's not sufficient to support equitable tolling, whether it is therefore unreasonable when it comes to attorneys' fees. I think that would be a case-by-case determination as to whether the particular facts relied upon supported good faith and a reasonable basis. I think, in Your Honor's hypothetical, you would be — a lawyer would be skating on thin ice there, too, because the Federal Circuit made clear in CLUER 1 that fraud and duress are the grounds for equitable tolling. So I think if you're going to bring a claim that you know is late and your only excuse is a snowstorm, you have to look at CLUER 1 and think, I don't have a very strong or maybe any equitable tolling argument. Kennedy. It does seem to me, I do not have the opportunity to ask the government this question, that the equitable tolling argument undercuts the government's position that no petition may be filed as being an absolute, because we all know, I take it the government concedes that there is equitable tolling. They — well, they fought the issue. That there can be equitable tolling on a certain basis. Sure. That's the law. They fought the issue below and lost, and in fairness, in their briefs to this Court, they say, we don't agree with the ruling just because we didn't seek this Court's review for reasons that are not identified. That is the law. That's correct, and it is, frankly, one in a long list of inconsistencies with their conception of what it means to file under the Act. Kagan, this may be a hard question for you to answer, but is your sense of why it is that petitions are untimely filed that they usually have to do with things like, you know, snowstorms and lawyer error, or that they usually have to do with questions about the manifestation of symptoms? Or something else, if something else is — just the range of cases out there, what are we talking about? Why are these cases untimely filed? My understanding from reading the case law is it's the latter. It's not snowstorms. It is, here is a disease, I have a child that has been sick her whole life. When is the first symptom of this disease? She coughed 40 months ago. She had a — some other symptom, 42. And the experts often battle that out, and oftentimes the special masters say, sorry, it was the cough at 40 months that is the first symptom of the disease, not the symptom you've pointed to. This may be a question that the government is in a better position to answer, but Do you have any sense of how often claims are rejected on the ground of timeliness, what we're dealing with? I mean, you mentioned in a footnote that the fund out of which the claims and the attorney's fees are paid has a positive balance of $3.5 billion. Maybe the only government fund that has a positive balance, but — Is this going to bankrupt the system? I can't imagine how it would even really put much of a dent in that government obligation. Do you know how many cases we might be dealing with? I don't. I know that there are not a huge number of published cases by special — unpublished decisions by special masters on the statute of limitations question. I tend to think that those numbers will actually go down moving forward, even under the rule we're proposing, because the law on when the statute of limitations runs is so much clearer now than it was in 2005 when we brought this case. The other point, of course, is you're always going to have to show good faith in a reasonable basis. So the government seems to suggest that the rule we're advocating and the one that the Federal Circuit adopted is going to result in a flood of frivolous litigation. I think that's just not supported because of the requirements you'd have to establish. I think there's also no reason to think that that will be the case empirically, and I say that for this reason. The program for 25 years has authorized the payment of fees to losers. It has paid out $2.4 billion in compensation to individuals injured by vaccines in that 25 years, and just about $160 million in fees for winners and losers. It is just over 6 percent, and one would think that if this unusual system of paying losers really encouraged the filing of frivolous lawsuits so lawyers could be paid, you'd think the number would be substantially higher than 6 percent. Who pays for the special master? Is that paid out of the fund? It is. I do want to answer a couple of the questions that were presented during my friend's presentation. I was not aware of the fact that the Secretary no longer discharges her obligation to publish in the Federal Register, but as we noted in our brief, our petition was filed under Section 11, and her obligation to publish it was triggered by the statute's requirement that a petition has, quote, been filed under Section 11. Ours, in fact, was published. The question that you raised, Justice Kagan, is there any other situation where this reading results in a petition that has been filed? The answer is, yes, the government argues that a petition filed under Section 11, even if it's untimely, is sufficient to commence proceedings and confer jurisdiction, which, if that's true, it goes to your question, Justice Sotomayor. How do you get here if the statute of limitations is not jurisdictional? How do you get from one place to the next? I think there's not a good answer for that. Another question that has arisen, I think, Justice Scalia, your comments are correct that a filing judgment can occur at any time in a case. I think it's also important to remember that the Secretary is not bound to defend a case on the merits and then contest a fee award for the same reason. So there are cases pending before the special masters right now that, for reasons I suspect, are that the Secretary wanted to establish a precedent, that there is no causation between vaccine A and injury X. We want to litigate that on the merits, and they have won. But it wasn't a slam dunk. There was a lot of evidence and a lot of science to contradict that, which was rejected. Those lawyers now come before the special master and seek fees in those cases, and the Secretary is arguing no fees because these are time barred. And in that case, you are going to have a judgment by the government's account entered on the merits, and then they're going to come back and defend a fee award saying there is no judgment because there's never been a case filed and you can't get fees. And it is just a fundamental and glaring inconsistency with their position. I want to address a couple additional points on the shadow trial argument because these were raised in the government's reply brief. And I've been thinking about your last point. easily be remedied by simply our holding that, you know, you can't ride both horses, that if, in fact, you've litigated it through to a merits judgment in your favor, which presumably has stare decisis effect, you then cannot come back and say the suit never occurred because the filing was too late. I mean, we, I think we're able to hold that, don't you think? I mean, I agree with you, it's a terrible, it's a terrible, outrageous thing for the government to do, to win the case and get stare decisis effect, and then to say you can't get lawyers' fees because there's never been a case, right? Right. I mean, I think that, yes. And I think that in terms of authority, power, I think that the Court could make that up, couldn't we? I think that you probably could. Sure. I think you probably could. But I think that the problem is you would then be, in essence, adopting a procedural rule, though, that endorses the inconsistency in the position. A petition is filed for some purposes, but not for others, even though Congress only referred to petitions filed in a generic sense. It didn't distinguish between the time at which it's entered or the basis on which it's entered. And it could have easily done these things. The government is proposing this legal fiction. Well, they say, sure, I mean, it can be tendered and accepted and you can litigate it for years and there can be all sorts of rulings. But as soon as the special master enters a ruling on timeliness, the phrase is they are bound to, quote, refuse to recognize that it has ever been filed. They could have established that. Congress could have established that legal fiction. It could have said no petition shall be deemed to be filed if it is brought after the statute of limitations has run. Or Congress could have achieved this same consequence that the government is attributing to Section 16 by enacting a rule like this Court's Rule 13-2. The Court will not file a cert petition that is untimely. But you were going to address the shadow trials? Yeah. A couple quick points. We cited 11 cases in the discussion of our — in our discussion of shadow trials for the point that these petitions are denied on procedural grounds all the time, and special masters resolve subsequent fee requests routinely and without a hearing. The government — Procedural grounds because the affidavits aren't sufficient or — Inadequate records is one reason. Sometimes a petitioner dies and their family or estate does not want to pursue this, so it's abandoned. There's cases where there's just a failure to prosecute. It's not clear why. The lawyer's lost touch with a client or we — I don't know the reason why. It's just a failure to prosecute. There are also cases where somebody is arguing for causation, but as their case is going through the system, other cases are being decided that reject their view, particularly paradigm cases, and the Petitioners fold. They give up. But the lawyers, having fought the cases for years, come in and argue. So those are all, incidentally, examples of procedural denials that are reflected in the 11 cases we cited. The point I wanted to make is the government doesn't say which of those cases it's cases reflect circumstances where the secretary has determined the program's resources would be best conserved by, I think the phrase is, acquiescing to a modest request for fees. They don't identify what cases they're talking about, but in 10 of the 11 cases we cited on their face, fee awards were contested. And they're litigated. And you read the opinions, and the special masters are resolving the challenges that the secretary made. And they're doing it without a hearing. There also is this argument about, I think we've already gone over the fact that a statute of limitations determination is not identical to a causation determination. The additional argument that the secretary made in their brief is that, unlike many other matters that must be supported at the outset, the key question in most of these cases, causation, you don't have to furnish evidence or make allegations of causation, is not correct. Under Section 11C, if you're bringing a non-table case, you have to allege cause and fact. And if the medical records don't support causation, you need an affidavit from an expert. So that is front-loaded as well. Are there regulations or rules establishing hourly rates? There are not. Do you have any idea from the cases what the ranges are? For rates? For rates. It varies region by region. I think the special masters look to see what the rates in Denver are as opposed to the rates in New York or Washington. Sotomayor, I know that civil rights rates, for example, are far below market rates for most law firms. Is that the same for this or is it market rates generally? I think it's less. It's not for general litigation. Right. And it's not CJA rates. Right. But very often it's not the rates that attorneys are actually paid. It ends up being a problem, as an aside, with expert witnesses sometimes, because the special masters don't pay what experts in these cases want. If there are no further questions, I will relinquish the remainder of my time. Thank you, counsel. Mr. Horwich, you have four minutes remaining. Thank you. I think it's important to say that the special masters are not paid what experts in these cases want. You have some evidence, numbers, to tell us how complicated the fee award disputes are generally, putting aside on the — because it hasn't until recently been an issue for cases dismissed, but for other cases, particularly those dismissed on other procedural grounds. Well, no, we don't. Actually, that's the point I wanted to start with, is that the Federal Circuit's decision below puts the program into this uncharted territory where we don't really know what this is going to look like. I mean, the cases that my friend cites in his brief are ones that either the petition is so facially defective that, of course, fees can't be awarded on it, but there's no reason to think that's going to be the typical case. And then there's other cases where the application of the reasonable basis standard is so lax as to essentially just turn on the claimant's personal say-so that, oh, I think the vaccine caused my injury, and that's like the Hamrick case, for example. It's cited in there. And that can't be the standard for reasonable basis. And so I think the Court needs to keep in mind that, for example, when my friend says there's the government doesn't cite a case where there's been any shadow trial, the reason is because there haven't been fees available on untimely petitions, which is exactly the setup that would cause you to have a shadow trial. Sotomayor But there have been dismissals on other procedural grounds. Gannon Well, there are not really other procedural grounds. There may be situations where a petition is voluntarily withdrawn, and I think there's a problem there about there not actually being a judgment when somebody voluntarily withdraws. But even in those, the special masters should have, in our view, examined whether there was a reasonable basis. I don't think it's right to say that an attorney can come in, file the petition, and then the claimant decides, well, I'd like to withdraw, and then the attorney essentially gets paid as of right. So our the so it's unsurprising that there's no examples of these hearings. It's also unsurprising that my friend says, well, there are the petitions, when it comes time to determine fees, the record is complete. Of course the record is complete, because the case has been decided on the merits, and that's the paradigm situation under which the program has been operated. What we're talking about here is entering this uncharted territory where the program has not been before and where you wouldn't think Congress would want to send it. And this is our central concern with this case. The government's concern here, and the reason we petitioned for certiorari, is not because of the dollar amount involved in paying these claims. The concern is about where the program's resources are being directed. The question is about where the finite number of special masters, the finite number of government attorneys, can put their time in responding to these petitions for people to deliver the compensation to the very few but very deserving people who Congress wanted to award compensation to. And the concern here is that the same no attorney's fees when the client dies, when it's dismissed early on for a procedural ground, when the record is inadequate, et cetera. You think in none of those cases Congress would have wanted attorney's fees? Or is it, you think, in some but not others? Well, no. In the case where the claimant dies, the statute has provisions for that, and you can obtain compensation in that situation. So there's no reason the client can't go on there. No, no, no, the family gives up. If they want to withdraw the petition, I guess it depends on exactly the circumstances under which the part of it is filed. No, but my question is what is your view? It's the same problem. He's listed, you heard, he listed six or seven different instances, four or five anyway, and he's found 11 cases apparently. And so what's your view? Well, my view, my view is the view that I think we would take under any, any other fee-shifting provision, which is that if a claimant wants to withdraw his or her case, I don't think that he can then claim the benefit of the attorney's fee provision absent some circumstances that, that would warrant the finding of reasonable basis.  Thank you. Thank you, counsel. The case is submitted.